OPINION
Defendant Michelle Panabecker Neff appeals a judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, which convicted and sentenced her for one count of excess speed in violation of Lithopolis Ordinance 434.03, after a bench trial. Appellant assigns six errors to the trial court:
ASSIGNMENTS OF ERROR
 1. THE JUDGMENT OF THE TRIAL COURT IS CONTRARY TO LAW, THEIR [SIC] IS NO RELIABLE EVIDENCE ESTABLISHED BY THE K-55 RADAR THAT CAN DETERMINE THE SPEED OF THE VEHICLE OPERATED BY THE DEFENDANT ON THE DAY AT 7:50 P.M. ON STATE ROUTE 664.
 2. THE JUDGEMENT [SIC] OF THE TRIAL COURT IN ITS FINDS UPON THE TESTIMONY AND THE EVIDENCE, IS CONTRARY TO AND NOT SUSTAINED BY THE EVIDENCE. OTHER EXPLANATIONS ARE READILY AVAILABLE TO EXPLAIN THE EXISTENCE OF THE PATROL OFFICERS RADAR RETURN.
 3. THE FINDINGS OF FACT, AND THE JUDGEMENT [SIC] OF THE COURT ARE MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.
 4. THE TRIAL COURT ERR'D [SIC] IN ITS FINDING DUE TO PREJUDICIAL ERROR, THE ARRESTING OFFICER HAS NEVER SEEN THE DEFENDANT PRIOR TO THE DATE OF THE TRIAL.
 5. THE TRIAL COURT ERRED IN IT'S ASSUMPTION THAT RADAR IS AN ACCEPTABLE MEANS TO DETERMINE THE RATE AT WHICH A PARTICULAR VEHICLE IS TRAVELING. DEVOID ANY SUPPORTIVE FACT ENTERED INTO EVIDENCE BY AN EXPERT.
 6. THE TRIAL COURT ERR'D[SIC] WHEN RELIANCE RELATIVE TO THE SPEED OF A MOTOR VEHICLE IS BASED UPON THE K-55 DOPPLER RADAR UNIT WHEN OPERATED IN THE FASHION THAT APPEARS IN THE COURT RECORD.
The record indicates officers of the Lithopolis Police Department cited appellant for traveling 35 m.p.h. in a 25 m.p.h. speed limit zone using K-55 radar.
All of appellant's assignments of error challenge the findings of the court as against the manifest weight of the evidence or contrary to law. For this reason, and for the purposes of clarity, we will address all the assignments of error together.
Our standard of reviewing claims a judgment of a trial court is contrary to law is governed by the recent case of State v.Thompkins (1997), 78 Ohio St.3d 380. The Thompkins court found the issue of whether the evidence is legally sufficient to support the verdict presents a question of law similar to that raised in a motion for acquittal made pursuant to Crim. R. 29 (A). A challenge to the sufficiency of the evidence requires a reviewing court to determine whether the State met its burden of production at trial without weighing the evidence presented by either party, see State v. Jenks (1991), 61 Ohio St.3d 259.
When a court reviews questions regarding the manifest weight of the evidence, the court must determine whether the State has appropriately carried its burden of persuasion, giving special deference to the conclusion reached by the trier of fact, seeState v. DeHass (1967), 10 Ohio St.2d 230.
We have reviewed the record, and we find there was sufficient competent and credible evidence going to each of the essential elements of the crime, to entitle the trial court to conclude the State had met its burden of production and persuasion. The court found the testimony of the two officers established appellant drove her vehicle at a rate higher than the posted speed limit, and the court rejected appellant's contention, at trial, that her speed was reasonable for conditions and was within the posted speed limit according to her belief. This court cannot find upon this record that the trial court erred.
Each of the assignments of error are overruled.
For the foregoing reasons, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-43
It appears some of this court's record contain a scrivener's error, we hereby correct the face sheet of our opinion in the within nunc pro tunc to reflect the correct municipal court case number to 97TRD04087.
 JUDGMENT ENTRY
CASE NO. 97CA-43
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Lancaster, Fairfield County, Ohio, is affirmed and the cause is remanded to that court for execution of sentence. Costs to appellant.