This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, William Nesbitt, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of rape. This Court affirms.
 I.
{¶ 2} The victim in this case was appellant's former girlfriend and the mother of his two children. On October 5, 2001, appellant pulled a gun on the victim as she was leaving her apartment and forced her back into her apartment. Once inside the apartment, appellant raped the victim while still holding the gun. The victim contacted the police. Appellant was not at the victim's apartment when the police arrived. The victim went to the hospital to be examined. Detective Juanita Elton of the Akron Police Department met the victim at the hospital to take her statement. The victim identified appellant as her attacker.
{¶ 3} The police apprehended appellant later that same evening. Appellant admitted to having sex with the victim earlier that day but stated that he could not have raped her because she is the mother of his children.
{¶ 4} Appellant was indicted on one count of kidnapping, a violation of R.C. 2907.01 and one count of rape, a violation of R.C.2907.02(A)(2). Both charges carried a firearm specification. The indictment also included a violent offender specification pursuant to R.C. 2941.149. Appellant pled not guilty, and the case was tried before a jury. At the close of the State's case-in-chief, the trial court, for lack of evidence, dismissed the two firearm specifications. The court also dismissed the repeat offender specification as being improper. The jury found appellant not guilty of kidnapping and guilty of rape. The trial court sentenced appellant to eight years imprisonment.
{¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II ASSIGNMENT OF ERROR {¶ 6} "THE JURY'S DECISION FINDING THE DEFENDANT GUILTY OF RAPE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 7} Appellant argues that his conviction is against the manifest weight of the evidence. This Court disagrees.
{¶ 8} When determining whether a conviction was against the manifest weight of the evidence,
 {¶ 9} "An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 10} Appellant was found guilty of rape, a violation of R.C.2907.02(A)(2), which provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
{¶ 11} In this case, the victim testified that, on the day in question, appellant forced her back into her apartment by brandishing a firearm and forced her to have sex with him by holding the gun while he raped her. The victim testified that she did not resist because of the gun.
{¶ 12} Appellant focuses his argument on what he alleges are inconsistencies in the victim's testimony. Appellant also attempts to prove that the victim lied to Detective Elton when the victim told her that she had not had a relationship with the appellant for three years prior to October 5, 2001. In an effort to support his argument that the victim lied to Detective Elton, appellant refers to the testimony of his mother, his stepfather, and his sister. These witnesses testified that appellant was still involved with the victim as late as December 2000.
{¶ 13} "A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, appeal not allowed (2000), 88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97 CA006757. Additionally, it is well established that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 14} After a careful review of the record, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it convicted appellant of rape. Accordingly, this Court holds that appellant's conviction was not against the manifest weight of the evidence. Appellant's sole assignment of error is overruled.
 III.
{¶ 15} The judgment of the Summit County Court of Common Pleas is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.