This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} A, Regina Cook, appeals the decision of the Summit County Court of Common Pleas, which found her guilty of complicity to commit aggravated burglary and complicity to commit felonious assault. This Court affirms.
 I.
{¶ 2} On February 1, 2002, appellant was at the home of Tracy and Robert Washington, drinking alcohol and playing cards with several other guests. Each hand was played for $7.00 per person. Robert Washington was holding the money that was waged and paying the winner after each round. Appellant won the final round of the evening. When Mr. Washington gave her the money from the final round, appellant accused him of shorting her $7.00. Mr. Washington denied keeping any money that belonged to appellant. The verbal argument escalated to a physical confrontation between appellant and Mr. Washington. The two ended up on the floor. The other guests intervened and separated the two. Appellant got up off the floor and said, "This ain't over with. This ain't over with by a long shot." Appellant then made a phone call and left the house.
{¶ 3} Later that night, appellant returned to the Washington's home. Tracy Washington answered the door. Upon opening the door, Mrs. Washington told appellant that she was sorry for what had gone on earlier. Appellant demanded her $7.00. Mrs. Washington saw Kevin Cook, appellant's son, and two other males standing outside her home. Kevin Cook had a gun in his hand. At that point, Kevin Cook and the other two men rushed into the Washington home, followed by appellant. Kevin Cook asked for Robert Washington. When Robert Washington emerged from the basement, Kevin Cook shot at him. Mr. Washington ran out the back door, and Kevin Cook and the other two men chased after him. Two more shots were heard outside the house. Mr. Washington was shot in the legs.
{¶ 4} Appellant was charged with complicity to commit aggravated burglary, in violation of R.C. 2911.11(A)(1)(2); complicity to commit felonious assault, a violation of R.C. 2903.11(A)(2). Each count carried a firearm specification pursuant to R.C. 2941.145.
{¶ 5} The case proceeded to trial in front of a jury. The jury found appellant guilty of all charges, and the trial court sentenced appellant to a total of six years imprisonment.
{¶ 6} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 7} "APPELLANT'S CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 SECOND ASSIGNMENT OF ERROR
{¶ 8} "APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 9} In her first assignment of error, appellant contends that there was insufficient evidence to prove she was guilty of either complicity to commit felonious assault or complicity to commit aggravated burglary. In her second assignment of error, she has also argued that the jury's verdict was against the manifest weight of the evidence. This Court disagrees.
{¶ 10} As an initial matter, this Court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. Statev. Manges, 9th Dist. No. 01 CA007850, 2002-Ohio-3193, at ¶ 22, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Manges, 2002-Ohio-3193 at ¶ 24, quoting State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600. In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
{¶ 11} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 12} Appellant was convicted of complicity to commit felonious assault and complicity to commit aggravated burglary. R.C. 2923.03
defines complicity, and provides, in pertinent part:
{¶ 13} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
{¶ 14} "(1) Solicit or procure another to commit the offense;
{¶ 15} "(2) Aid or abet another in committing the offense;
{¶ 16} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
{¶ 17} "(4) Cause an innocent or irresponsible person to commit the offense."
{¶ 18} R.C. 2911.11 proscribes aggravated burglary, and provides in relevant part:
{¶ 19} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if:
{¶ 20} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]"
{¶ 21} R.C. 2903.11 prohibits felonious assault and provides, in pertinent part:
{¶ 22} "(A) No person shall knowingly ***:
{¶ 23} (2) Cause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance."
{¶ 24} In State v. Johnson (2001), 93 Ohio St.3d 240, syllabus, the Supreme Court of Ohio set forth the requirements for a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2):
{¶ 25} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime."
{¶ 26} Circumstantial evidence possesses the same evidentiary force as direct evidence. State v. Jenks (1991) 61 Ohio St.3d 259, paragraph one of the syllabus.
{¶ 27} In the present case, appellant and Robert Washington got into an argument because appellant claimed that Mr. Washington cheated her out of $7.00. The argument escalated into a physical confrontation where Mr. Washington struck appellant. Appellant made it clear when she left the Washington residence that in her mind the dispute was not settled.
{¶ 28} Later that same evening, appellant returned to the Washington home with her son, Kevin Cook, who had a gun. Appellant demanded the return of her $7.00. Both Kevin Cook and appellant then rushed into the Washington's home. Kevin Cook asked for Mr. Washington. Upon seeing Mr. Washington, Kevin Cook shot at him.
{¶ 29} The jury could infer from the above facts that appellant told her son what had happened earlier in the evening between herself and Mr. Washington. From that, the jury could infer that appellant solicited, procured, aided, abetted, or conspired with Kevin Cook to shoot Mr. Washington.
{¶ 30} Appellant testified that she was an innocent bystander and that she had nothing to do with the shooting. It is well recognized that matters of credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In reviewing the trial court's actions, this Court is mindful that, as the trier of fact, "the [jury] is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 659.
{¶ 31} Appellant's convictions are not against the manifest weight of the evidence merely because there was conflicting testimony before the jury. See State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, appeal not allowed (2000), 88 Ohio St.3d 1482, citing State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97 CA006757. At appellant's trial, the jury had the opportunity to observe all the witnesses' testimonies and weigh the credibility of said testimonies; therefore, this Court must give deference to the jury's decision. See Berger v. Dare (1994),99 Ohio App.3d 103, 106.
{¶ 32} The jury clearly found Mrs. Washington's and the other State's witnesses' testimony more credible than appellant's testimony.
{¶ 33} Upon careful review of the testimony and evidence presented at appellant's trial, this Court cannot find that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's convictions must be reversed and a new trial ordered. This Court concludes that appellant's convictions were not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
{¶ 34} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96 CA006462.
{¶ 35} Consequently, this Court need not further address appellant's assertion that there was insufficient evidence to prove an essential element of felonious assault. Accordingly, appellant's assignments of error without merit.
 III.
{¶ 36} Having overruled both of appellant's assignments of error, the decision of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J. and BATCHELDER, J. CONCUR