THE STATE OF OHIO, APPELLANT, *v.* DEHASS, APPELLEE.

[Cite as State v. DeHass, 10 Ohio St. 2d 230.]

(No. 40384—Decided May 31, 1967.)

*Mr. Angus B. Wilson*, prosecuting attorney, and *Mr. Charles H. Wilson*, for appellant.
*Miss Dorothy Kennedy*, for appellee.

ZIMMERMAN, J.   In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.   By the verdict rendered herein, it is apparent that the jury believed the testimony of the prosecuting witness and the corroborating evidence presented by the state, and an examination of the bill of exceptions demonstrates that such evidence was sufficient to support the verdict of guilty, as returned by the jury, and the judgment of the trial court.

Briefly, the bill of exceptions contains evidence that Frances Hite, a 49-year-old widow with three adult children and weighing less than 100 pounds, was forcibly removed at night by DeHass, 24 years old, and against her protests from the Pleasure Lake Tavern and placed in a nearby automobile, owned and later driven by Craig, also 24; that, while the automobile was both in motion and stationary, DeHass and Craig had sexual intercourse with Mrs. Hite several times over her frantic but futile resistance; that both DeHass and Craig struck her, tore her clothing and otherwise brutalized her; that, after she left or escaped from the automobile, several persons observed her torn clothing, disheveled appearance, distraught condition and bruises on her face; and that, upon her examination by a physician at the Brown County General Hospital, male spermatozoa were found in her vaginal canal. The physician also observed her physical injuries and her emotional disturbance.   "She had multiple bruises and contusions of the face and chest, the right ankle and the left hand."   She was hospitalized for nine days on account of her injuries and, at the

time of the trial, had not been able to resume her regular employment.

DeHass admitted on the witness stand that he had sexual relations with Mrs. Hite once, and Craig testified that he did not touch her. Both the young men claimed that Mrs. Hite was a willing and co-operative companion, and that she was not struck or beaten while in their company.

From the majority opinion of the Court of Appeals, it is plain that two of the judges wished to reverse the judgment below as manifestly against the weight of the evidence. However, the third judge, in his dissenting opinion, stated that "there was ample evidence upon which the jury could base its verdict." He stated further that defendant had a fair trial, and that "the verdict of guilty and the judgment of the trial court thereon should be affirmed," citing Section 2945.83 (E), Revised Code.

Of course, under Section 6, Article IV of the Constitution of Ohio, there could be no reversal on the weight of the evidence except by the concurrence of all three judges of the Court of Appeals.

Two of the appellate judges, patently determined upon a reversal of the judgment below, found that the trial judge committed error prejudicial to the rights of the defendant in three principal respects: (1) the misuse and overemphasis of the term, "guilty," in the charge and otherwise; (2) reversible error in the charge respecting the third count of the indictment by stating to the jury "that no specific intent is required to constitute the offense of kidnapping with intent to commit rape," which error confused and misled the jury; and (3) the compounding of such error when the court refused, upon request of counsel, to correct the erroneous charge and in repeating the erroneous charge verbatim when the jury, during the course of its deliberations, asked for further instructions as to the third count of the indictment.

In any criminal case the use of the terms, "guilty" and "not guilty," is necessarily of frequent occurrence. We have perused the bill of exceptions with care, and we are unable to discover where the trial court employed the term, "guilty," beyond proper and permissible limits either during the progress

of the trial or in the charge to the jury. And there was no intimation or suggestion on the part of the court as to what verdict the jury should return. As a matter of fact, the term, "not guilty," was used by the court as frequently or more frequently than the term, "guilty." Therefore, we are unable to discover prejudicial error on this score.

As to the third count of the indictment, Section 2901.31, Revised Code, reads in part:

"No person shall kidnap, abduct, or forcibly or fraudulently carry off, entice, detain, or decoy, any * * * woman for the purpose of committing rape upon her person * * * or having kidnapped * * * any such female, commit rape upon her person * * * or attempt to do any of said acts."

In its charge under such statute, the court told the jury:

"It is necessary to constitute the crime of kidnapping that the taking or detention shall be without lawful authority; and it is also essential that the taking or detention be against the will of the person so taken or detained.

"The force employed must be of sufficient character so that the taking and detention of the person is against her will. The force must be accompanied with circumstances tending to excite terror in the person and to prevent her from maintaining her rights. There must be at least apparent violence or other acts giving reasonable cause to fear some bodily harm should the person attempt to resist. The criminal intent necessary to the existence of the offense is implied in the prohibitive act. This means that no specific intent is required to constitute the offense of kidnapping, but if you find that the state has proved beyond a reasonable doubt the essential elements of the crime of kidnapping as they have been defined and explained to you, *and you further find from the evidence in this case that the purpose of said kidnapping, if any you find, was to commit a rape upon the person of a female person*; that is, Frances Hite, or if such an act was attempted and all of said elements are proven beyond a reasonable doubt, then the defendants were guilty of the crime of kidnapping for the purpose of committing a rape upon the said Frances Hite.

"However, if you find that any of the essential elements have not been proven by the requisite degree of proof, then you

will find such defendant or both of them not guilty as charged in this count of the indictment." (Emphasis supplied.)

We think that such charge was in substantial compliance with the provisions of the quoted statute and did not constitute error prejudicial to the defendant.

The generally accepted rules are stated thus in 51 Corpus Juris Secundum, 433, Kidnapping, Section 1:

"Where the gist of the offense, under the statute, is the unlawful seizure, taking, detention * * * or carrying away of the kidnapped person, the criminal intent necessary to the existence of the offense is implied or necessarily included in the prohibited act. [See *State* v. *Johnson* (Ohio App.), 58 Ohio Law Abs. 445, 97 N. E. 2d 54.] * * *.

"Where, however, the statute provides that the taking must be for a particular intent [here rape] * * * the taking or detention must be for one of such prohibited purposes."

See, also, 1 American Jurisprudence 2d 174, Section 20 *et seq.*, and *Arizona* v. *Taylor*, 82 Ariz. 289, 312 P. 2d 162.

Section 2901.31, Revised Code, is divided into two parts: (1) The kidnapping (2) for the purposes described. See *Wagner* v. *Commonwealth of Kentucky* (Ky.), 355 S. W. 2d 151, 153.

We are satisfied that the charge under discussion was essentially correct and appropriate to the present case. After accurately defining the elements comprising the offense of kidnapping and correctly informing the jury that intent is implied from the commission of such prohibited act itself, the charge went on to advise the jury in compliance with the statute that the kidnapping must be accompanied by the purpose to commit rape or an attempt to do so. The word, "purpose," as used in the statute and the word, "intent," are synonymous.

We make no comment on the reflections cast on the trial judge in the majority opinion of the Court of Appeals, except to say that they were unwarranted, unjustified and had better been left unsaid.

In conclusion, then, we agree with the dissenting judge of the Court of Appeals that there was evidence sufficient to support the verdict and judgment of the Court of Common Pleas, and that no prejudicial or reversible error occurred at the trial.

Therefore, the judgment of the Court of Appeals is reversed, and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.