This appeal comes to us from the Wood County Court of Common Pleas where, following a jury trial, appellant, Jeremy Rohn, was convicted on four counts of burglary and one count of failure to comply with a police order. Because we conclude that the trial court properly denied appellant's motion to suppress, we affirm.
At 5:00 a.m. on Sunday, September 22, 1996, police responded to a burglary in progress call. In doing so, they observed a vehicle driven by appellant leaving a Perrysburg apartment complex. When the police attempted an investigatory stop, appellant led them on a high speed chase which ended when appellant's vehicle collided with a police cruiser. Appellant's car contained property later identified as having been taken from four separate apartments in the complex he had been observed leaving.
Appellant was taken to the Perrysburg police station where a police detective informed him of his rights pursuant toMiranda v. Arizona (1966), 384 U.S. 436. Appellant signed an acknowledgment and waiver of the Miranda rights. Appellant denied any wrongdoing.
The next morning (Monday) before appellant was to be arraigned, the same police detective again interviewed him. The detective later testified that immediately prior to questioning he again informed appellant of his Miranda rights. At this second interview, appellant wrote a statement implicating himself in the four burglaries at issue.
Appellant was charged in a five-count bill of information, pled not guilty and moved to suppress his statement, arguing that the Monday morning Miranda warning was "stale."
At a suppression hearing, the Perrysburg police detective testified to orally "refreshing" the Miranda warning just prior to the interview which resulted in appellant's written statement. Appellant presented no evidence in opposition to this testimony. Based on the detective's testimony, the trial court denied the motion to suppress. The matter continued to a jury trial at which appellant was convicted of all charges.
Appellant now brings this appeal, raising the following single assignment of error:
 "THE TRIAL COURT ERRED TO DEFENDANT-APPELLANT'S PREJUDICE BY DENYING HIS MOTION TO SUPPRESS STATEMENTS OBTAINED BY POLICE IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION."
Appellant argues the Miranda "staleness" issue at length. However, if the detective's unrefuted suppression testimony is believed, appellant was "Mirandized" minutes prior to writing his statement. Therefore, there was no "staleness."
Judgments concerning credibility of witnesses and the weight to be afforded their testimony rest primarily with the trier-of-fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Here, the police detective's suppression hearing testimony was unrefuted. Appellant did timely receive his Miranda warning. Accordingly, appellant's sole assignment of error is found not well-taken.
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ---------------------------- JUDGE Melvin L. Resnick, J. ---------------------------- JUDGE James R. Sherck, J. CONCUR. ---------------------------- JUDGE