DECISION
Appellant, Edward H. Brown, was indicted on three counts of rape in violation of R.C. 2907.02. Following a trial by a jury, appellant was found guilty of all three counts and was sentenced to serve eight years for each count, the sentences to be served concurrently. The trial court found appellant was a sexually oriented offender, but not a sexual predator. Appellant sets forth the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant and Carole Harris-Finney met in Pittsburgh in 1995 and began dating. Shortly thereafter, appellant moved in with Harris-Finney and her two children. In October 1997, Harris-Finney moved to Columbus when she accepted a job here and appellant accompanied her. Appellant and Harris-Finney occupied an apartment on Shanley Drive, along with her two children. The relationship had begun to deteriorate prior to the move to Columbus, but Harris-Finney was fearful of leaving appellant as he had threatened her and her family.
On May 25, 1998, Harris-Finney returned to her apartment after spending Memorial Day weekend visiting with her family in Lima, Ohio. When appellant returned later that evening, Harris-Finney went upstairs to get ready for bed. When Harris-Finney refused to have sex with appellant, she testified that appellant grabbed her by her night clothes, dragged her down the stairs, threw her on the couch and tore and cut her clothes off with a knife. Despite her pleas that he stop, appellant forced Harris-Finney to perform fellatio and then raped her vaginally and anally. During the attack, appellant threatened to kill Harris-Finney and her family. Harris-Finney attempted to call the police but appellant took the phone from her. Following the assault, Harris-Finney eventually fell asleep. The next day, Harris-Finney went to work and telephoned her sister in Lima to report what had occurred. Following her sister's advice, Harris-Finney called the police and told her supervisor. Uniformed officers took a report at Harris-Finney's place of employment and she then went to Riverside Hospital. Harris-Finney had a slight abrasion on her chest, which she said was the result of being dragged down the stairs.
Appellant testified on his own behalf and admitted that he had sexual relations with Harris-Finney on May 25, 1998, but claimed the sex was consensual. Appellant also testified the abrasion on Harris-Finney's chest was the result of her being hit by the handle of one her children's bicycles. Appellant contended that Harris-Finney fabricated the rape because he intended to move back to Pittsburgh and continue a relationship with another girlfriend.
In his sole assignment of error, appellant contends the evidence was insufficient to sustain a conviction and the judgment was against the manifest weight of the evidence.
In State v. Thompkins (1997), 78 Ohio St.3d 380,386-387, the Ohio Supreme Court held:
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d 148. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's, supra, at 1594.
R.C. 2907.02(A)(2) provides:
 No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
"Force" is defined in R.C. 2901.01(A)(1) as:
 * * * [A]ny violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.
Sexual conduct includes vaginal and anal intercourse, and fellatio. R.C. 2907.01(A).
The credibility of witnesses is to be determined by the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230. In State v. Schaim
(1992), 65 Ohio St.3d 51, paragraph one of the syllabus, the Ohio Supreme Court held:
 A defendant purposely compels another to submit to sexual conduct by force or threat of force if the defendant uses physical force against that person, or creates the belief that physical force will be used if the victim does not submit. A threat of force can be inferred from the circumstances surrounding sexual conduct * * *.
Evidence was presented that appellant had used a knife to remove Harris-Finney's clothes and she knew the knife was near at hand. Appellant threatened to kill Harris-Finney and her family during the attack. Further, appellant used his body weight to pin Harris-Finney down to the couch. Harris-Finney testified that appellant's attempt at anal intercourse caused her pain and he engaged in vaginal intercourse until he ejaculated. No proof of penetration is required for fellatio. Harris-Finney repeatedly told appellant to stop. Thus, the testimony of Harris-Finney alone provides sufficient evidence so that any rational trier of fact could find the essential elements of the offense of rape proved beyond a reasonable doubt. This evidence also provides sufficient competent, credible evidence which could convince any reasonable mind of appellant's guilt beyond a reasonable doubt and his conviction is not against the manifest weight of the evidence.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
TYACK and BRYANT, JJ., concur.