[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Bryan S. Rouse, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of corruption of a minor pursuant to R.C. 2907.04(A). He was found guilty of the offense following a jury trial conducted in September 1999.
In his first assignment of error, Rouse argues that the conviction was contrary to the manifest weight of the evidence. We disagree. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1]
We cannot say that the verdict in the case at bar was against the weight of the evidence. R.C. 2907.04(A) provides that "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another * * * when the offender knows the other person is thirteen years of age or older but less than sixteen years of age * * *." Here, the victim testified that, when she was fourteen years of age, she engaged in sexual intercourse with Rouse, who was twenty-two years of age at the time of the offense. She testified that she had informed Rouse of her age before the sexual conduct occurred. The victim's testimony was corroborated by her friend, who testified that, on the date of the alleged offense, the victim was sitting on Rouse's lap, and the two were kissing.
Rouse contends, however, that certain inconsistencies in the state's evidence, coupled with the testimony of a defense witness who stated that no sexual conduct had occurred, rendered the verdict invalid. We are not persuaded. The weight to be given the testimony is properly reserved for the trier of fact,[2]
and we cannot conclude that the jury in the case at bar lost its way in resolving the conflicts in the evidence. The detail with which the victim described the sexual conduct, in conjunction with the evidence corroborating the victim's testimony, provided an ample basis upon which the jury could have found Rouse guilty. The first assignment of error is accordingly overruled.
In his second assignment of error, Rouse argues that his due process rights were violated by prosecutorial misconduct. Specifically, he contends that the prosecutor, during closing argument, told the jury that defense counsel had suborned the perjury of a defense witness. We find no merit in the assignment.
We first note that the comments made by the prosecutor were ambiguous. It is not clear from the trial transcript whether the prosecutor was referring to defense counsel or to the defendant himself when he stated, "But what he did when he put Corey on the witness stand and got Corey to lie for him." In any event, the jury was instructed that the comments of counsel did not constitute evidence, and in light of the overwhelming evidence against Rouse, we cannot conclude that the comment deprived him of a fair trial.
Similarly, we find no merit in Rouse's argument that the prosecutor's comments about Corey's veracity were prejudicial. The prosecutor's comments were properly directed at the incongruities in Corey's testimony and were not unfairly prejudicial in view of the ample evidence adduced against Rouse.
The second assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546.
[2] State v. DeHass (1968), 10 Ohio St.2d 230, 227 N.E.2d 212.