DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Joshua S. Cramer ("Cramer") has appealed his conviction from the Medina Municipal Court. This Court affirms.
Cramer was charged with one count of furnishing alcohol to a minor, in violation of Brunswick City Ordinance 612.02(a). He pleaded not guilty, and the matter was tried to the bench. The court found Cramer guilty, and sentenced him accordingly. From this conviction, Cramer has appealed. Cramer has assigned two errors for our review, which attack the sufficiency and weight of the evidence. The state has not responded.
Cramer argues that there was insufficient evidence to prove that he furnished alcohol to a minor because, he contends, there was no evidence produced which establishes that he had possession or control over the alcohol. He notes that the state did not produce an alcohol bottle, or offer testimony from an officer that a bottle had been discovered. He further contends that the "insufficient evidence coupled with the lack of credible testimony created a verdict that is against the manifest weight of the evidence." Cramer asserts that Kayla Freehoffer's testimony, which was the only evidence the state presented, was not credible because she was eleven years old at the time of the offense, and because she had gone over to Cramer's house to attend a party when she knew her parents would not permit her to go.
This Court has reviewed the entire record, weighed the evidence and all reasonable inferences, and has considered the credibility of the witnesses. See State v. Otten (1986), 33 Ohio App.3d 339, 340
(explaining an appellate court's function in reviewing whether a conviction is against the manifest weight of the evidence). Although the only evidence against Cramer is the testimony of the victim, we do not find this case to be the exceptional case where the evidence weighs heavily in favor of the defendant. See Otten, supra. The victim testified that she and Cramer were alone in Cramer's apartment for approximately five minutes, and in that time, Cramer gave her two shot glasses of scotch, which she drank. The weight to be given to this testimony, as well as the credibility to attribute to this testimony, was for the judge to decide. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
We further note that we specifically examined the record to determine if the officers actually searched the apartment on the night in question, and failed to discover an alcohol bottle. There was no testimony which established that the officers knew about the alcohol that night. Rather, the testimony only establishes that the officers went to Cramer's home that night looking for Kayla Freehoffer, who had been reported missing, and that two or three days later the officers went back to Cramer's home and served him a citation for the offense of furnishing alcohol to a minor. Neither the state nor Cramer called any of the officers to testify.
Under these circumstances, this Court cannot conclude that the trial court, as the trier of fact, clearly lost its way or created a manifest miscarriage of justice such that Cramer's conviction must be reversed. Our determination that Cramer's conviction is supported by the weight of the evidence is dispositive of the issue of sufficiency. See State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4 (explaining that "a finding that a conviction is supported by the weight of the evidence * * * include[s] a finding of sufficiency") (Emphasis omitted).
Cramer's assignments of error are overruled. The judgment of the municipal court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.