[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Raising eight assignments of error, defendant-appellant John Williams appeals from his conviction for theft of jewelry, in violation of R.C. 2913.02(A)(2). Following a bench trial, the trial court imposed a community-control sanction and ordered Williams to make restitution to the owner of the jewelry in the amount of $33,000.
{¶ 3} Williams contends that the trial court lacked the jurisdiction to proceed to judgment because the jury waiver he executed at the beginning of his trial was not properly filed at the time of trial. In the initial appeal of this matter, State v. Williams (Feb. 6, 2002), 1st Dist. No. C-010113, this court held that the jury waiver was not part of the record and remanded the case for further proceedings in accordance with State v. Berry (Apr. 14, 2000), 1st Dist. No. C-990354 and C-990365.
{¶ 4} On remand, the trial court conducted a hearing at which Williams's trial counsel and an employee of the clerk of court testified and were cross-examined. Following the hearing, the trial court found that on November 9, 2000, prior to trial, Williams had executed a waiver-of-jury form, that his counsel had also signed the form, that the trial court had conducted the proper inquiry to determine that Williams's waiver was knowingly and intelligently made, that the court had accepted the waiver, and that it was conveyed to the clerk for filing. Pursuant to Crim.R. 36, the trial court then journalized the jury waiver nunc pro tunc to the trial date.
{¶ 5} We hold that, for purposes of satisfying the requirements of R.C. 2945.05, the jury-waiver form was properly filed and made a part of the record. Therefore, the trial court had jurisdiction to enter a judgment of conviction against Williams. See State v. Wallace (Dec. 10, 1999), 1st Dist. No. C-980314; see, also, State v. Berry. The seventh assignment of error is overruled.
{¶ 6} In three interrelated assignments of error, Williams contests the weight and the sufficiency of the evidence supporting the theft conviction. He also asserts that the trial court's comments, uttered immediately before it found him guilty, indicated that the trial court erroneously considered Williams's failure "to pay [the victim] back for the property" as evidence of guilt.
{¶ 7} Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The state presented evidence that Williams received $60,000 worth of jewelry from Egal Ziv. Williams, a former professional football player, was to sell the jewelry for Ziv to sports figures in Chicago. Instead, Williams went to downtown Cincinnati and used the automobile that had been provided for the Chicago trip and Ziv's jewelry to finance a weekend-long binge. Williams sold much of the jewelry in Cincinnati to purchase crack cocaine and prostitutes. The weight to be given this evidence and the credibility of the witnesses were primarily for the trier of fact to determine. SeeState v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
{¶ 8} The record contains substantial, credible evidence from which the trier of fact could have concluded that the state had proved all elements of the charged crime beyond a reasonable doubt. Specifically, the record shows that Williams purposely deprived Ziv of property by exceeding the scope of the consent given to sell the jewelry. See R.C. 2913.02(A)(2); see, also, State v. Waddy (1991),63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338. Evidence that Williams did or did not attempt restitution did not negate any element of the charged crime. See, e.g., State v.Vega (June 5, 2002), 1st Dist. No. C-010614. The first, fourth and fifth assignments of error are overruled.
{¶ 9} In two interrelated assignments of error, Williams contends that the trial court erred in denying a separate hearing on the issue of restitution and in ordering him to pay $33,000 in restitution because this amount did not bear a reasonable relationship to the loss suffered. At the time of sentencing, Williams was able to produce the affidavit of Ron Wilheim indicating that some restitution had been made. Ziv denied that any restitution had been received. R.C. 2929.18(A)(1) authorizes a trial court to sentence a felony offender to any financial sanction including "[r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." The trial court had ample evidence before it that, as a direct result of Williams's theft, Ziv had incurred a financial loss of approximately $40,000. The second and eighth assignments of error are overruled.
{¶ 10} Williams's third assignment of error, in which he claims that his initial trial attorney was ineffective for failing to call Ron Wilheim as a witness at trial and at the sentencing hearing, is overruled. In light of the speculative impact of testimony about a putative partnership with Williams and of the victim's testimony that no restitution had been made, we hold that counsel's acts or omissions did not deprive Williams of a substantive or procedural right, or render the trial fundamentally unfair. See Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838; see, also, Strickland v. Washington (1984), 466 U.S. 668,694, 104 S.Ct. 2052, and State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, paragraphs two and three of the syllabus.
{¶ 11} Williams's sixth assignment of error, in which he contends that the trial court erroneously permitted a police detective to comment on the statements of other witnesses who testified at trial, is overruled, as we cannot say that the trial court abused its sound discretion to control the admission of relevant evidence. See State v.Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus.
{¶ 12} Therefore, the judgment of the trial court is affirmed.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Painter, P.J., Gorman and Sundermann, JJ.