[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Bobby Ball appeals the trial court's judgment convicting him, following a bench trial, of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), in the case numbered C-020706.[1] In his single assignment of error, Ball maintains that there was insufficient evidence to support his conviction. We disagree.
 {¶ 3} In reviewing a sufficiency-of-the-evidence claim, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the state, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[2] We give deference to the trial court with regard to credibility findings because "the trial court is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."[3]
 {¶ 4} Ball asserts that the state did not prove that he had operated a motor vehicle while under the influence of alcohol because it did not present any evidence that he had consumed any alcohol on the evening in question. Ball maintains that the allegedly strong odor of alcohol coming from his car and from the hospital room where he was taken after he had crashed into a parked vehicle on the side of an interstate highway, was from the liquid in a glass jar, located in his car, that had broken during the crash and spilled on him. Ball testified that he did not know what the clear liquid was in the eight Mason jars found in his car. Ball further argues that his slurred speech was caused from the minor head injury he had sustained as a result of the crash into the parked car.
 {¶ 5} Although Ball had explanations for the odor of alcohol in the car and why his speech was slurred, there was still sufficient circumstantial evidence, when viewed in a light most favorable to the state, that demonstrated that Ball had consumed alcohol and had operated a motor vehicle under the influence of alcohol on April 28, 2002. Thomas Fogus, another motorist on the interstate highway that evening, testified that he had driven behind Ball for five to ten miles and that, during that time, Ball swerved from the center lane to the left lane and back again. Because of those actions, Fogus testified, he had slowed down and had turned on his hazard lights in an attempt to warn other motorists of Ball's erratic driving. Fogus also testified that he approached Ball after Ball had crashed into the parked car on the shoulder of the highway and that there was a strong odor of alcohol coming from the car. Another motorist, Ian Mitchell, testified that he saw Ball swerve from the left lane, across the highway, onto the right shoulder and crash into a parked car.
 {¶ 6} Police Officer Tim Maddy testified that Ball had been combative with EMS workers who had arrived at the accident scene and with the nurses at the hospital, calling them devils and refusing treatment. He further testified that Ball had bloodshot eyes and that there had been a strong odor of alcohol, specifically liquor, coming from Ball while he was in the hospital room. Finally, Officer Maddy testified that it had not appeared that any of the alleged alcohol from the broken Mason jar had spilled on Ball's clothing.
 {¶ 7} Here, there was evidence that Ball's eyes were bloodshot, that he was combative with emergency workers and the nurses at the hospital, that he was driving erratically and, as a result, had crashed into a parked car on the shoulder of the highway, and that there was an odor of alcohol coming from Ball's car and from him while he was in the hospital room. Although Ball testified that the liquid from the Mason jars had spilled on his clothing during the crash, which, according to him, accounted for the odor of alcohol, we note that the trial court found that Officer Maddy's testimony that he had not observed Ball's clothing saturated with liquid was more credible and, thus, concluded that the odor of alcohol coming from the car and from Ball in the hospital room was a result of Ball's ingestion of alcohol and not a result of alcohol spilling on Ball's clothing.
 {¶ 8} Giving deference to the trial court's findings on credibility, we conclude, based on the foregoing circumstances, that there was sufficient evidence to support Ball's conviction for driving under the influence of alcohol. Accordingly, the single assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] Ball also has filed a notice of appeal regarding his conviction for failing to maintain reasonable control of a motor vehicle in violation of R.C. 4511.202, in the case numbered C-020707. This court had consolidated the appeals for purposes of this judgment entry. But, we note that in his appellate brief Ball does not raise any assignment of error regarding his conviction for failing to maintain reasonable control. Accordingly, we affirm the trial court's judgment in that case.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[3] Giurbino v. Giurbino (1993), 89 Ohio App.3d 646, 659,626 N.E.2d 1017, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 461 N.E.2d 1273. See, also, State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212.