O’Connor, J.,
dissenting.
{¶ 38} I join Justice Lundberg Stratton’s dissent but write separately to focus on the fact that the trier of fact, the jury, was in the best position to discern the weight and quality of the state’s evidence, including the testimony of the state’s expert, Mr. Richissin.
{¶ 39} The court of appeals’ decision focuses on the state’s failure to introduce a certified copy of the trademarks on file with the United States Patent and Trademark Office and concludes that the state’s omission is grounds for reversing the jury’s verdict. But the focus should remain on the rule that it is the role of the jury, not the appellate court, to determine the weight and credibility of the evidence adduced at trial, including Richissin’s testimony that he can identify a counterfeit good by virtue of his training and experience.
{¶ 40} The jury’s duty is to weigh the credibility of any witness, including an expert. As we stated in State v. Jamison (1990), 49 Ohio St.3d 182, 191, 552 N.E.2d 180, “[t]he weight to be given evidence and the credibility of witnesses are jury issues. State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. ‘It is the minds of the jurors and not the minds of the judges of an appellate court that are to be convinced.’ State v. Petro (1947), 148 Ohio St. 473, 501, 36 O.O. 152, 163, 76 N.E.2d 355, 369.”
*412 Charles E. Coulson, Lake County Prosecuting Attorney, and Teri R. Daniel and Charles F. Cichocki, Assistant Prosecuting Attorneys, for appellant.
Argie, D’Amico & Vitantonio and Dominic J. Vitantonio, for appellee.
{¶ 41} Here, the jury was charged on the law and the elements of R.C. 2913.34(A)(4), and it applied that law to the evidence. The jury concluded that the state had proved its case. In light of Troisi’s admission that she knew the goods were counterfeit and Richissin’s testimony that he learned how to detect counterfeit goods through training provided by the owners of the trademarks and that Troisi’s goods were counterfeit, the jury’s verdict should be respected. I therefore dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.