Lundberg Stratton, J.,
concurring in part and dissenting in part.
{¶ 138} I concur in the majority’s holding that defines the proper tests for unfair competition and defamation and in the majority’s holding that the actions of American Chemical Society (“ACS”) were not defamatory as a matter of law. I dissent only because I would remand the unfair-competition claim of Leadscope, Inc., for a new trial, as opposed to deciding that issue in this court. Therefore, I respectfully concur in part and dissent in part.
{¶ 139} The trial court provided the jurors the following instruction regarding Leadscope’s unfair-competition claim: “In Ohio, unfair competition may consist of malicious acts by way of litigation that is not founded in good faith, but is for the purpose of harassing and injuring a rival producing and selling the same commodities.” The jury returned a verdict in favor of Leadscope on its unfair-competition claim, and the court of appeals affirmed.
{¶ 140} We hold that the trial court’s jury instructions pertaining to Lead-scope’s unfair-competition claim “were inadequate because they did not include the ‘objectively baseless’ element necessary to meet the two-part test for an unfair competition claim.” However, rather than remanding the cause for a new trial for a jury to apply the correct instructions, the majority reviews the evidence and affirms the judgment of the court of appeals after finding that Leadscope would prevail on its unfair-competition claim against ACS under the new instructions.
{¶ 141} “[I]t is a fundamental tenet of jury trial procedure that the judge decides questions of law, and the jury, as factfinder, then decides questions of fact.” Gallagher v. Cleveland Browns Football Co., 74 Ohio St.3d 427, 436, 659 N.E.2d 1232 (1996). The jury is in the best position to judge the credibility of witnesses because the jury “ ‘ “is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing *405 the credibility of the proffered testimony.” ’ ” State v. Ross, 9th Dist. No. 09CA009742, 2012-Ohio-536, 2012 WL 440821, ¶ 42, quoting State v. Cook, 9th Dist. No. 21185, 2003-Ohio-727, 2003 WL 356303, ¶ 30, quoting Giurbino v. Giurbino, 89 Ohio App.3d 646, 659, 626 N.E.2d 1017 (8th Dist.1993). “The jury alone, as the trier of fact, has the duty to decide what weight should be given to the testimony of any expert witness.” Kokitka v. Ford Motor Co., 73 Ohio St.3d 89, 652 N.E.2d 671 (1995), paragraph two of the syllabus. Thus, the “weight to be given evidence and the credibility of witnesses are jury issues.” State v. Jamison, 49 Ohio St.3d 182, 191, 552 N.E.2d 180 (1990), citing State v. DeHass, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.
{¶ 142} In rendering a verdict in favor of Leadscope regarding its unfair-competition claim, the jury in this case considered only whether ACS acted in bad faith. Pursuant to our holding herein, the jury should have also considered whether ACS’s complaint alleging that Leadscope appropriated trade secrets was objectively baseless. But it will never have that opportunity because the majority has reached its own conclusion. In my opinion, the majority improperly reviews and weighs the evidence, including expert testimony, presented by both ACS and Leadscope, in concluding that there is sufficient evidence to support Leadscope’s unfair-competition claim against ACS. I believe that the majority has usurped the jury’s duties of weighing and determining the credibility of evidence. I would remand this case for a new jury trial regarding Leadscope’s counterclaim for unfair competition. As we stated in State v. Petro, 148 Ohio St. 473, 501, 76 N.E.2d 355 (1947), “[i]t is the minds of the jurors and not the minds of the judges of an appellate court that are to be convinced.”
{¶ 143} Therefore, while I concur in the majority’s substantive holding, I would remand this cause for a new trial on Leadscope’s unfair-competition claim. Accordingly, I concur in part and dissent in part.
O’Donnell, J., concurs in the foregoing opinion.