JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, James Menszyk ("appellant"), appeals from the decision of the trial court convicting appellant on counts two, three, and five. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I. {¶ 2} On July 30, 2002, the Cuyahoga County Grand Jury returned a five-count indictment in case number CR-426116. Count one alleged trafficking in marijuana and stated that, on May 28, 2002, appellant did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute marijuana, a schedule I drug, in an amount less than two hundred grams, in violation of R.C. 2925.03(A)(2). Count two alleged trafficking in marijuana and stated that, on May 28, 2002, appellant did knowingly sell, or offer to sell, marijuana, a schedule I drug, in an amount less than two hundred grams, in violation of R.C.2925.03(A)(1).
 {¶ 3} Count three alleged possession of criminal tools and stated that, on May 28, 2002, appellant possessed, or had under his control, money and/or a cell phone, and/or a 1976 Chevrolet Corvette with the intent to use them in the commission of a felony, in violation of R.C.2923.24. Count four alleged trafficking in marijuana and stated that, on May 14, 2002, appellant did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or did distribute marijuana, a schedule I drug, in an amount less than two hundred grams knowing, or having reasonable cause to know, that the drug was intended for sale or resale by the offender or another, in violation or R.C.2925.03(A)(2). Count five alleged trafficking in marijuana and alleged that, on May 14, 2002, appellant did knowingly sell, or offer to sell, marijuana in an amount less than two hundred grams, in violation of R.C.2925.03(A)(1). School yard specifications were also attached to counts one, two, and four, alleging that the offenses were committed on school premises, in a school building, or within one thousand feet of school premises.
 {¶ 4} On November 21, 2002, after a four-day jury trial, the jury returned guilty verdicts on counts two, three, and five. The jury found the appellant not guilty on counts one and four.
 II. {¶ 5} Appellant's sole assignment of error states: "Appellant's convictions must be reversed as against the manifest weight of the evidence."
 {¶ 6} Appellant was found guilty of violating R.C. 2925.03 which covers trafficking in drugs, and states:
"(A) No person shall knowingly do any of the following:
 "(1) Sell or offer to sell a controlled substance;
 "(2) Prepare for shipment, ship, transport, deliver, prepare fordistribution, or distribute a controlled substance, when the offenderknows or has reasonable cause to believe that the controlled substance isintended for sale or resale by the offender or another person."
 {¶ 7} Appellant was also found guilty of violating R.C. 2923.24
which states the following:
"§ 2923.24 Possessing criminal tools.
 "(A) No person shall possess or have under the person's control anysubstance, device, instrument, or article, with purpose to use itcriminally.
 "(B) Each of the following constitutes prima-facie evidence of criminalpurpose:
 "(1) Possession or control of any dangerous ordnance, or the materialsor parts for making dangerous ordnance, in the absence of circumstancesindicating the dangerous ordnance, materials, or parts are intended forlegitimate use;
 "(2) Possession or control of any substance, device, instrument, orarticle designed or specially adapted for criminal use;
 "(3) Possession or control of any substance, device, instrument, orarticle commonly used for criminal purposes, under circumstancesindicating the item is intended for criminal use.
 "(C) Whoever violates this section is guilty of possessing criminaltools. Except as otherwise provided in this division, possessing criminaltools is a misdemeanor of the first degree. If the circumstances indicatethat the substance, device, instrument, or article involved in theoffense was intended for use in the commission of a felony, possessingcriminal tools is a felony of the fifth degree."
 {¶ 8} Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. City of Cleveland (1948),150 Ohio St. 303, 345.
 {¶ 9} The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. See Tibbs v. Florida (1982), 457 U.S. 31, 38, 42.
 {¶ 10} Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 11} It is with the above standards in mind that we now address the case sub judice. Appellant asserts that his conviction rested primarily upon the dubious testimony of Brian Turchetta, and that this testimony was not sufficiently sound for a reasonable jury to base its guilty verdict. Appellant's claim is not well taken. The trial court relied on many other factors in addition to Mr. Turchetta's testimony. The lower court received additional testimony from credible sources and reviewed numerous plaintiff's exhibits. For example, Special Agent Jeffery Capretto ("Capretto") of the Westside Enforcement Bureau (WEB) and Detective John Guzik ("Guzik") of the Lakewood Police Department both provided sworn testimony at appellant's trial.
 {¶ 12} In addition to the testimony of Capretto and Guzik, the trial court's decision was further supported by the eight exhibits that the prosecution admitted into evidence.[1] Some of the exhibits that supported the state's position included the following: state's exhibit six, the $200 in prerecorded buy money found in appellant's pocket[2]; state's exhibits seven and eight, the BCI analysis proving that the substance in question was marijuana; and state's exhibits one and two, the audiotapes of the drug deal.
 {¶ 13} In applying the standards above, we must accord due deference to those determinations made by the trier of fact. The trial court is in the best position to access the credibility of the witnesses. Furthermore, the trial court evaluated additional testimony and evidence in addition to the testimony that appellant mentions. In the case at bar, there is no evidence that the jury clearly lost its way. The decision of the trial court is affirmed.
 {¶ 14} Appellant's assignment of error is denied.
PATRICIA A. BLACKMON, P.J., and SEAN C. GALLAGHER, J., concur.
[1] See November 19, 2002, Tr. p. 350 and November 20, 2002, Tr. pgs. 354-355, 358.
[2] The confidential reliable informant was supplied with $200 of buy money. The bills were recorded by the police for identification later. Tr. 162, Tr. 374.