OPINION
{¶ 1} Defendant Abdullah Martin appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which convicted and sentenced him for one count of trafficking in crack cocaine in violation of R.C. 2925.03, a third degree felony. Appellant had also been charged with conspiracy, but the jury acquitted him of this charge. Appellant assigns a single error to the trial court:
 {¶ 2} "Mr. Martin was deprived of his Fifth and Fourteenth amendment rights to a fair trial because the jury's verdict was against the manfiest weight of the evidence."
 {¶ 3} Appellant maintains the jury's verdict was against the manifest weight of the evidence. Our task in determining this claim is to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. We should do this only in the exceptional case where the evidence weighs heavily against the judgment, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, citations deleted. The trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, and for this reason, weight of the evidence and credibility of witnesses are primarily for the trier of fact to determine. See State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 4} At trial, the State presented evidence on April 18, 2002, the Coshocton County Sheriff's Department conducted a controlled drug buy and subsequent raid at 1539 Arthur Avenue in Coshocton, Ohio. The residents of the home were Rod Vickers and Gwen Body.
 {¶ 5} On the day of the raid, Vickers and Body were in the process of moving to a new residence, and a truck full of their belongings was parked behind the house. Appellant, Henry Smith, and Marton Hughes were in town from Columbus, staying with appellant's girlfriend Jessica McVay. Body had offered the three men $100 each to assist her with moving.
 {¶ 6} The sheriff's department used a confidential informant, who had recently been charged with DUI and driving under a suspended license. He had prior felony convictions. In exchange for his cooperation in the controlled buy, the State of Ohio agreed to drop the suspended license charge against the confidential informant. The sheriff's department provided the informant with marked bills with which to purchase crack cocaine from the Arthur Avenue address.
 {¶ 7} The confidential informant phoned the house and spoke to Body, asking for $300 worth of crack cocaine. Body invited him to the house. Body left the confidential informant in the kitchen for several minutes, and returned with $300 in crack cocaine. The confidential informant paid Body with the marked bills, and left. The confidential informant observed three men in the home during the transaction.
 {¶ 8} Body testified she acted as middle man for appellant, and he provided her with the crack cocaine to sell out of her home. Body testified appellant provided the crack cocaine she sold to the confidential informant. Body testified she took the $300 from the informant, and gave it to appellant.
 {¶ 9} A swat team raided the residence later that evening. Sheriff's deputies threw a "flash bang" explosive device into the home, inadvertently injuring Body. Appellant jumped out of a second story window but was apprehended by authorities surrounding the house.
 {¶ 10} A search of appellant's person revealed no crack cocaine, but several hundred dollars. One hundred dollars of the bills recovered from appellant consisted of some of the marked money used to make the controlled buy. Appellant maintained he had recently been paid in cash by his employer, and had not participated in the drug transaction.
 {¶ 11} During deliberations, the trial court delivered a Howard instruction, and eventually, the jury convicted appellant of the trafficking charge, but acquitted him on conspiracy. Appellant urges the three lay witnesses all had felony records and gave inconsistent testimony. Each of these witnesses also had a motive to accuse appellant in order to improve their own prospects on the criminal charges which were pending against them.
 {¶ 12} We have reviewed the record, and while appellant is correct in calling this a "close call", this court must find there is sufficient, competent and credible evidence presented by the State on each element of the crime charged from which the jury could reasonably conclude appellant was guilty beyond a reasonable doubt.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
Wise, J., and Boggins, J., concur.