OPINION
{¶ 1} Defendant-appellant, James Wisecup, appeals his conviction for burglary and his sentence for several charges in Clermont County Court of Common Pleas. We affirm in part and reverse in part, and remand for resentencing.
 {¶ 2} Appellant was charged with aggravated burglary, gross sexual imposition, and two counts of assault on a police officer in connection with events that occurred on Aug. 18, 2003. Appellant's charges were heard by a trial to the bench, wherein the trial court found appellant guilty of burglary, gross sexual imposition and two counts of assault on police officer. After appellant was sentenced, he filed this appeal and presents two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred in entering a finding of guilty to burglary because such verdict was against the manifest weight of the evidence[.]"
 {¶ 5} In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. We must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of syllabus.
 {¶ 6} The trial court heard the victim ("J.M") testify that she was 19 years old and lived alone in an apartment in Felicity. J.M. testified that she knew appellant because he was living with relatives who also had apartments nearby.
 {¶ 7} J.M. testified that her sister had dropped her off in front of her apartment the afternoon of August 18. She walked past appellant on the way to her apartment. J.M. stated that her apartment door was open when she began sweeping and cleaning her apartment.
 {¶ 8} J.M. testified that appellant: "Knocked on the [her] door. Came right in. Put his glass of beer down. Came over to me and kissed me. Put his arms around me. Touched my breasts. Touched my butt and tried to force me down." J.M. testified that she told appellant to "get the hell away from me," that she pushed him away, and ran out the front door to a neighbor's apartment.[1]
 {¶ 9} Appellant specifically argues that evidence at trial failed to show that appellant trespassed by "force, stealth or deception," as required by the burglary statute.[2]
Appellant notes that J.M. did not make any statement to appellant after he knocked and entered her apartment.
 {¶ 10} We are not persuaded by appellant's argument that trespass by force, stealth, or deception was not shown. Even if the trier of fact found that J.M. gave appellant permission to enter her apartment, a privilege once granted can be revoked.State v. Steffen (1987), 31 Ohio St.3d 111, 115. Where a defendant commits an offense against a person in the person's private dwelling, the defendant forfeits any privilege, becomes a trespasser and can be culpable for burglary. State v. Russ
(June 26, 2000), Clermont App. No. CA99-07-074, appeal not allowed, 90 Ohio St.3d 1440; Steffen (privilege given to doorto-door salesman to enter home terminated the moment he commenced the assault on the victim for purposes of aggravated burglary charge).
 {¶ 11} Assuming, arguendo, an initial lawful entry, appellant's privilege to remain [emphasis added] terminated upon the commencement of his conduct constituting gross sexual imposition. See State v. Watson (June 13, 1990), Summit App. No. 14286.
 {¶ 12} It was at that time [when appellant engaged in the aforementioned conduct] that appellant committed the trespass in J.M.'s home. Id. That trespass was accomplished by means of appellant's use of force, i.e., any violence, compulsion, or constraint physically exerted by any means upon or against a person. R.C. 2901.01(A)(1); Watson; see, also, State v.Morton, 147 Ohio App.3d 43, 53, 2002-Ohio-813 (sufficient evidence of the use of force to remain on the premises to constitute trespass; the assault that occurred was adequate to satisfy the element of force); see, also, State v. Bouchioua
(Mar. 27, 2000), Hocking App. No. 98 CA 13 (any privilege defendant may arguably have had to enter or remain in home terminated once he began assaulting victim and aggravated burglary conviction was not against the manifest weight of the evidence).
 {¶ 13} Accordingly, the trial court did not err in finding appellant guilty of burglary, as that decision was not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The trial court erred when it sentenced appellant to serve consecutive sentences[.]"
 {¶ 16} Appellant argues that the trial court failed to make the necessary findings and reasons on the record for imposing consecutive sentences. We have reviewed the record, including the transcript of the sentencing hearing, and sustain appellant's second assignment of error since the trial court failed to make any of the findings required by R.C. 2929.14(E)(4). State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of syllabus. Appellant's sentence is reversed and this matter will be remanded for resentencing.
 {¶ 17} Judgment is affirmed in part, reversed in part, and remanded for resentencing.
Young, P.J., and Walsh, J., concur.
[1] Appellant would later testify on his own behalf that he followed J.M to her apartment after she offered him cake, that J.M. initiated the kissing inside, and that the encounter ended and he left the apartment.
[2] The burglary statute under which appellant was convicted states, in part, that no person, "by force, stealth, or deception," shall do any of the following: trespass in an occupied structure when another person is present, with the purpose to commit in the structure any criminal offense. R.C.2911.12(A).