JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Travis Thomas, appeals his grand theft conviction and sentence. For the reasons that follow, we affirm.
 {¶ 2} On the evening of January 26, 2004, Belinda James, the victim in this case, discovered that her 2003 BMW had been stolen from the parking garage of her apartment building in Shaker Heights, Ohio. Accordingly, she notified the Shaker Heights Police Department, which dispatched an alert of the description and license plate number of the stolen vehicle. On January 28, 2004, Officer John Catena spotted the vehicle with a male driver, and after confirming that the vehicle was in fact Ms. James' vehicle, called for back-up assistance. The car was subsequently found in a garage, but the police were unable to locate the driver. Fingerprints from compact discs retrieved from the vehicle were found to be that of appellant.
 {¶ 3} On February 6, 2004, Officer Steve Selby encountered appellant and apprehended him. A pat-down search of appellant produced the key to Ms. James' vehicle. Officer Catena identified appellant as the man he previously saw driving Ms. James' vehicle.
 {¶ 4} During the course of the investigation, appellant confessed to Detective Eric Conwell that he took the vehicle, claiming that he was homeless and went into the parking garage in order to stay warm. While in the parking garage, appellant claimed that he happened upon an unlocked Jeep Liberty, and inside that vehicle he found the keys to the BMW. Appellant told Detective Conwell that upon finding the keys and matching the keys with the BMW, he just wanted to take the vehicle for a "test drive."
 {¶ 5} Appellant was indicted by the Cuyahoga County Grand Jury on one count of grand theft of a motor vehicle, a felony of the fourth degree in violation of R.C. 2913.02, and one count of burglary, a felony of the second degree in violation of R.C. 2911.12. The case proceeded to a jury trial. At the conclusion of the State's case-in-chief, the defense made a Crim.R. 29 motion for acquittal, which was denied. The defense presented no evidence.
 {¶ 6} After deliberations, the jury found appellant guilty of grand theft of a motor vehicle, and not guilty of burglary. Appellant was sentenced to 15 months in prison. Appellant now appeals his conviction and sentence.
 {¶ 7} Appellant argues in his first assignment of error that the trial court erred in overruling his Crim.R. 29 motion for acquittal. Appellant argues in his second assignment of error that his conviction was against the manifest weight of the evidence.
 {¶ 8} Sufficiency of the evidence and manifest weight of the evidence are distinct legal concepts. With regard to the sufficiency of the evidence, to reverse a conviction because of insufficient evidence, we must determine as a matter of law, after viewing the evidence in a light most favorable to the prosecution, that a rational trier of fact could not have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Sufficiency is a test of adequacy, a question of law. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541, citing State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. We will not disturb a jury's verdict unless we find that reasonable minds could not reach the conclusion the jury reached as the trier of fact. Jenks, supra, at 273. We will neither resolve evidentiary conflicts in the defendant's favor nor substitute our assessment of the credibility of the witnesses for the assessment made by the trier of fact. State v. Willard (2001), 144 Ohio App.3d 767, 777-778,761 N.E.2d 688; citing State v. Millow (June 15, 2001), Hamilton App. No. C-000524. The same standard of review that is applied to a challenge to the sufficiency of evidence is also applied to a denial of a motion for acquittal pursuant to Crim.R. 29. State v. Ready (2001),143 Ohio App.3d 748, 759, 758 N.E.2d 1203.
 {¶ 9} R.C. 2913.02, governing the crime of grand theft of a motor vehicle, provides that:
 {¶ 10} "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 11} "(1) Without the consent of the owner or person authorized to give consent[.]"
 {¶ 12} In support of his argument that the State failed to present sufficient evidence that he committed grand theft of a motor vehicle, appellant simply claims that "[n]o one saw [him] inside the vehicle."
 {¶ 13} The evidence presented in this case showed that: appellant confessed he took the vehicle; appellant was not authorized to possess the vehicle; appellant was seen driving the stolen vehicle; the keys to the vehicle were found on appellant; and appellant's fingerprints were on items retrieved from the vehicle.
 {¶ 14} After reviewing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt. The trial court properly overruled appellant's Crim.R. 29 motion for acquittal, and his first assignment of error is without merit.
 {¶ 15} A manifest weight argument, by contrast to a sufficiency argument, requires us to engage in a limited weighing of the evidence to determine whether there is enough competent, credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. Thompkins, supra, at 387. Issues of witness credibility and concerning the weight to attach to specific testimony remain primarily within the province of the trier of fact, whose opportunity to make those determinations is superior to that of a reviewing court. State v. DeHass (1967), 10 Ohio St.2d 230, 231,227 N.E.2d 212. After reviewing the entire record, with caution and deference to the role of the trier of fact, this court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the court, as the trier of fact, clearly lost its way, thereby creating such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Scott, 101 Ohio St.3d 31,2004-Ohio-10, 800 N.E.2d 1133. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. Thompkins, supra, at 387.
 {¶ 16} In support of his argument that the conviction for grand theft of a motor vehicle was against the manifest weight of the evidence, appellant maintains that "[t]his case is exceptional by all accounts." We disagree.
 {¶ 17} The straightforward evidence in this case, as already mentioned, demonstrated that: appellant confessed he took the vehicle; appellant was not authorized to possess the vehicle; appellant was seen driving the stolen vehicle; the keys to the vehicle were found on appellant; and appellant's fingerprints were on items retrieved from the car.
 {¶ 18} After reviewing the record and weighing the evidence, we find that there was competent, credible evidence so as to permit reasonable minds to find appellant guilty beyond a reasonable doubt of grand theft of a motor vehicle. Thus, we find appellant's second assignment of error is without merit.
 {¶ 19} In appellant's third and final assignment of error, he contends that the trial court's imposition of more than the minimum sentence upon him violates the United States Supreme Court's decision in Blakely v.Washington (2004), 124 S.Ct. 2531. This court has addressed this issue inState v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666s. InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contention and overrule his third assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Corrigan, J., concur.