DECISION
{¶ 1} Defendant-appellant, Andre S. Asberry, was indicted on one count of receiving stolen property in violation of R.C. 2913.51. The indictment alleged that appellant "did receive, retain, or dispose of property, to wit: a motor vehicle, the property of Amy Elaine Garcia agent of Budget Rent a Car and/or P.V. Holding Company, the said Andre Santana Asberry knowing or having a reasonable cause to believe it had been obtained through commission of a theft offense, and the said property is a motor vehicle as defined in section 4501.01 of the Ohio Revised Code, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio." After a jury trial, appellant was found guilty and sentenced to six months of imprisonment and ordered to pay $1,918.21 in restitution. Appellant filed a notice of appeal and raises the following assignments of error:
First Assignment of Error: The evidence was legally insufficient to support appellant's conviction as the state failed to prove the vehicle in question was the subject of a theft offense.
Second Assignment of Error: The court erroneously overruled appellant's motion for acquittal pursuant to Criminal Rule 29.
Third Assignment of Error: Appellant's conviction was against the manifest weight of the evidence.
 {¶ 2} At the trial, Amy Garcia testified that she lives in Grand Prairie, Texas, near Dallas. (Tr. at 12.) She met appellant at a Karaoke bar and they became friends. She knew appellant did not have a vehicle but sometimes drove his brother's vehicle. Other times, she drove him to or from work. (Tr. at 13.) Appellant asked her to rent a vehicle for him so he could travel to see his children because he did not have a credit card. (Tr. at 14.) Initially, she refused, but after approximately two weeks, she agreed. She rented a vehicle in her name beginning on October 4, and he was to return after visiting his children in Detroit, Michigan after one week. (Tr. at 14.) He gave her $250 in cash to cover the cost. (Tr. at 15.) On October 8 or 9, appellant called her and asked her to extend the rental car agreement and told her he would send money. However, she went to the Western Union office four times and never received more money. (Tr. at 16.) She attempted to contact his family members in an effort to locate appellant, but they were not helpful. (Tr. at 16.) She went to the Arlington, Texas police to report the vehicle stolen but they sent her back to Grand Prairie. Garcia testified that the police departments sent her back and forth for approximately two weeks. Finally, she was told to send appellant a certified letter demanding he return the vehicle. (Tr. at 18.) She sent the letter to his brother's address in Arlington because that was the last address she knew but the letter was returned. In the first week of December, she finally filed an official report that the vehicle had been stolen.
 {¶ 3} A Columbus, Ohio police officer testified that on December 15, 2003, he stopped the vehicle appellant was driving for speeding and discovered that the vehicle had been reported stolen out of Texas. (Tr. at 33-35.)
 {¶ 4} Appellant testified that he met Garcia at a bar and they started dating. He claimed she knew he did not have a driver's license because he told her he did not. (Tr. at 46-48.) He asked her to rent a vehicle and the agreement was he would be gone "a long time." (Tr. at 49.) He claimed he initially gave her $1,200 to cover the rental costs until November. He called and talked to Garcia at least once a week while he was in Ohio and sent her money four times by Western Union ($250, $275, $300, $250), but no money for December. (Tr. at 50-51; 57.) He was never notified by Garcia to return the vehicle. (Tr. at 52.) On December 14, Budget called him and told him to return the vehicle. (Tr. at 53.) He testified he did not know the vehicle had been reported stolen until he was arrested on December 15.
 {¶ 5} The assignments of error are related and shall be addressed together. By the assignments of error, appellant contends that the evidence was insufficient to support appellant's conviction, that appellant's conviction was against the manifest weight of the evidence and that the court erred in overruling appellant's Crim.R. 29 motion. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 6} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
* * * Weight of the evidence concerns "the inclination of the greateramount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6th Ed. 1990)] at 1594.
Thompkins, at 387.
 {¶ 7} Crim.R. 29(A) provides, as follows:
The court * * * shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
 {¶ 8} When reviewing the trial court's denial of a motion for acquittal under Crim.R. 29, a reviewing court applies the same test as it would in reviewing a challenge based upon the sufficiency of the evidence to support a conviction. State v. Thompson (1998), 127 Ohio App.3d 511,525.
 {¶ 9} R.C. 2913.51(A) provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." A "theft offense" is defined as a violation of any Revised Code section listed in R.C. 2913.01(K)(1), including R.C. 2913.02. "Theft," as involved in this case, is defined in R.C. 2913.02, as purposely depriving an owner of property by knowingly obtaining or exerting control over property without the owner's consent or beyond the scope of express or implied consent.
 {¶ 10} There was evidence demonstrating that appellant retained possession of the vehicle beyond the scope authorized by Garcia. Garcia testified that she rented the vehicle initially for a week from October 4 through 10, 2003. She verbally agreed to extend the rental until October 21, 2003, believing that appellant was going to send her more money. Appellant testified that the agreement was to be for a long time but he only paid Garcia through November. Appellant was aware on December 14, when a representative from Budget called, that he should return the vehicle. He was arrested on December 15, 2003, which was clearly beyond the scope of Garcia's consent or authorization for appellant to use the vehicle, according to both of them, since appellant testified he only paid for the vehicle through November. Thus, knowledge may be imputed to appellant that he was in possession of a vehicle, which he had no right to possess.
 {¶ 11} Appellant's arguments are primarily based upon the credibility of Garcia and appellant. The existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy
(2001), 91 Ohio St.3d 516, 543. Nor is a conviction against the manifest weight of the evidence solely because the jury heard inconsistent testimony. State v. Kendall (June 29, 2001), Franklin App. No. 00AP-1098. The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "It is not the function of an appellate court to substitute its judgment for that of the factfinder." Jenks, at 279. Appellant's assignments of error are not well-taken and are overruled.
 {¶ 12} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Klatt and Sadler, JJ., concur.
CHRISTLEY, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.