DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Katherine Kosier, appeals from her conviction in the Maumee Municipal Court for failing to stop for a school bus, a violation of R.C. 4511.75. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} A trial commenced on July 16, 2007. Tonya Sheldrick testified that she is a school bus driver for the Anthony Wayne School District. At around 2:45 p.m. on March 1, 2007, she was driving a school bus and attempting to make a stop when she *Page 2 
noticed a car behind her. She stopped the bus and pulled the emergency brake which automatically activates flashing red lights and triggers the opening of a stop sign signaling surrounding traffic to stop. While she was stopped, she blew her horn as she watched the car behind her drive past her. Sheldrick testified that she then called her employer and reported that a light green Kia automobile with a tinted back window, being driven by a lady with blonde hair, had just failed to stop for her school bus. Another bus driver behind Sheldrick was able to record a license plate for the Kia.
 {¶ 3} Ohio State Highway Patrolman Eric Gonzales testified that he traced the license plate number to appellant's house. In her driveway he saw a light green Kia with a tinted back window. Gonzales went to appellant's door and told her he had received a school bus complaint. Appellant told him that she passed the bus when the yellow lights were blinking and that she never saw red blinking lights or the stop sign before she passed the bus.
 {¶ 4} Appellant took the stand and testified that she was 100 percent sure that the school bus lights were blinking yellow when she drove past it.
 {¶ 5} The trial court found appellant guilty. She now appeals setting forth the following assignment of error:
 {¶ 6} "The trial court erred in finding defendant appellant guilty of the offense of stopping for school bus, in violation of O.R.C. 4511.75
where the evidence presented at trial did not show that the vehicle could stop at least ten feet before the bus when it stopped for discharging a school child." *Page 3 
 {¶ 7} R.C. 4511.75 states in pertinent part:
 {¶ 8} "The driver of a vehicle, streetcar, or trackless trolley upon meeting or overtaking from either direction any school bus stopped for the purpose of receiving or discharging any school child, person attending programs offered by community boards of mental health and county boards of mental retardation and developmental disabilities, or child attending a program offered by a head start agency, shall stop at least ten feet from the front or rear of the school bus and shall not proceed until such school bus resumes motion, or until signaled by the school bus driver to proceed."
 {¶ 9} Appellant contends that the evidence showed that appellant was already ten feet away at the time that the school bus stopped and, therefore, appellant could not stop at least ten feet away. Sheldrick testified that appellant was ten to twenty feet behind her when she activated her red lights and extended the stop sign. Appellant testified that the stop sign was not extended until after she had passed the school bus.
 {¶ 10} The issue here is one of credibility. The trier of fact is in best position to weigh the evidence and determine the credibility of the witnesses before him. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Because the judge in this cause was the trier of fact and found the testimony of Sheldrick more credible than that of appellant on the question of whether appellant failed to stop for a school bus, we shall not disturb the trial court's determination. Appellant's assignment of error is found not well-taken. *Page 4 
 {¶ 11} The judgment of the Maumee Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1