[Cite as *State v. Poole*, 2012-Ohio-1534.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96805

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CAROLYN E. POOLE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-543252 and CR-547135

**BEFORE:**  Sweeney, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  April 5, 2012

**ATTORNEY   FOR APPELLANT**

Russell S. Bensing, Esq.
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Erica Barnhill, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

**{¶1}** Defendant-appellant Carolyn Poole ("defendant") appeals her convictions for assault and retaliation. After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** On October 16, 2010, defendant was involved in a domestic dispute with her boyfriend Kamal Blackwell. On November 10, 2010, defendant was indicted for two counts of felonious assault and one count of domestic violence. On January 16, 2011, defendant and Blackwell were involved in another dispute, and on March 2, 2011, defendant was charged with one count each of kidnapping, felonious assault, and retaliation.

**{¶3}** The cases were tried together to the bench, and on April 4, 2011, the court found defendant guilty of two counts of assault in violation of R.C. 2903.13, as lesser included offenses, and one count of retaliation in violation of R.C. 2921.05(B). The court sentenced defendant to a suspended jail term and community control sanctions.

**{¶4}** Defendant appeals and raises one assignment of error for our review.

> I. The trial court erred in entering judgments of conviction against the Defendant, in violation of her right to Due Process of Law under the 14[th] Amendment to the United States Constitution, in that the verdicts were against the manifest weight of the evidence.

**{¶5}** The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:

> The appellate court sits as the "thirteenth juror" and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v.*

*Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Determinations of witness credibility are primarily left to the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N .E.2d 541 (1967).

{¶6} To convict a defendant of assault in violation of R.C. 2903.13(A), the state must prove that the defendant

knowingly cause[d] * * * physical harm to another * * *." The elements of retaliation are found in R.C. 2921.05, and subsection (B) states that "[n]o person, purposely and by force or by unlawful threat of harm to any person * * *, shall retaliate against the victim of a crime because the victim filed or prosecuted criminal charges."

{¶7} In the instant case, defendant argues that Blackwell's testimony was confusing, inconsistent, and incredible. The following evidence was presented at trial:

{¶8} Blackwell testified that he dated defendant from August 2010 through December 2010 or January 2011. During this time, they had many "domestic disputes," although Blackwell had difficulty differentiating the details of specific incidents. For example, asked if "anything unusual" happened on October 16, 2010, Blackwell testified, "On that day, I can't remember which dispute it was. I really can't." Blackwell further explained his confusion as follows:

Right now, I'm getting like events like kind of like mixed up or whatever, and I do apologize, 'cause I mainly only remember like three like events though. I try to like zone out like all the others. * * * I'm getting like events mixed up, so like my dates and my times might be mixed up with like the major event.

{¶9} Blackwell eventually recalled receiving medical treatment on October 16, 2010, for injuries to his elbow and hand. Blackwell then remembered what happened —

defendant was angry at him for not calling, and she pushed him, pulled out a knife, and punched him. Then defendant hit Blackwell's arm and hand with a "little hammer."

{¶10} Blackwell recalled another incident when defendant hit him in the head with a stick or a wooden object approximately the size of a two-by-four, although he could not recall the date this occurred. Blackwell testified that the injuries he sustained from the blow caused him to receive medical treatment at St. Vincent Charity Hospital. Blackwell's medical records showed that he suffered a black eye and a contusion to his forehead. According to Blackwell, what prompted the dispute was that defendant became jealous after checking his phone for female callers.

{¶11} Blackwell testified that defendant sent him a text message in December 2010 that read, "Fuck what the courts say come see me." The state introduced into evidence a picture of Blackwell's cell phone showing this message was sent on December 19, 2010.

{¶12} According to Blackwell, the third "major" incident occurred in January 2011, when defendant and her nephew "jumped" him in the area of E. 130th Street and Imperial Avenue. Defendant's nephew approached Blackwell as he was walking down the street and put him in a headlock. Defendant started punching him in the eye and face. Blackwell got away and went into a nearby convenient store. Defendant's nephew followed Blackwell into the store, grabbed him, and got him on the floor. Defendant came in, kicked Blackwell in the face, and punched him. Defendant sustained injuries to

his head, chest, neck, and right eye. Pictures of the injuries and medical records from University Hospitals dated January 16, 2011, were also introduced into evidence.

{¶13} On January 17, 2011, Blackwell received another text message from defendant's phone that stated the following: "Bitch u r dead man fuck the court system tha police tha judge tha prosectur i will kill u my nephew robert beat ur ass once bitch dont u eva break up with me i own u."

{¶14} On cross-examination, Blackwell testified about another incident, which occurred inside defendant's mother's house, when defendant stepped on his foot, pushed him, grabbed his leg as he was walking up the stairs, and hit him with a tire iron. Blackwell was clearly confused about when this incident occurred, and a firm date was never established.

{¶15} Cleveland Police Officer Robert Langley testified that on October 16, 2010, he responded to a call about an altercation at 3030 E. 128th St. When Officer Langley arrived, Blackwell was sitting on the sidewalk bleeding from his forehead. Defendant was inside the house and hysterical. After speaking with both parties to determine what happened, Officer Langley arrested defendant at the scene.

{¶16} Cleveland Police Detective Gerald Sowul testified that he received a report in October 2010, alleging that defendant committed felonious assault and domestic violence by hitting Blackwell over the head with a tire iron. Det. Sowul attempted to interview defendant but cut it short when he "realized that she had some sort of, what appeared to be some sort of mental deficiency." While the case was pending, Det. Sowul

recieved another case alleging that in January 2011, defendant and her nephew "jumped" Blackwell at a store near the corner of E. 130th and Griffing.

{¶17} Det. Sowul identified pictures that were taken of Blackwell after the incident showing a swollen and black right eye. Det. Sowul also confirmed the text messages that defendant sent to Blackwell. Additionally, Det. Sowul testified that Blackwell had "certain mental deficiencies."

{¶18} Defendant testified that she suffers from schizophrenia, has had trouble living alone most of her adult life, and has difficulty remembering things. Defendant testified that she went to school through the eighth grade and cannot read or write. However, she also stated that her case worker would leave her notes reminding her to do things. Defendant testified that Blackwell instigated the dispute in October 2010, and that he pushed and punched her. According to defendant, Blackwell bit her several times. Defendant testified that her nephew beat Blackwell up in January 2011, after her nephew saw Blackwell fighting defendant and putting his boot in her face.

{¶19} Defendant testified that she has never sent a text message, because she does not know how to spell. She also stated that no one else has ever used her phone, because she does not have any friends. She then stated that Blackwell had her phone and has "always" used it, because "he my boyfriend." Defendant testified that she "didn't do nothing" to Blackwell, then testified that she hit him with her hand. Asked to explain the injuries Blackwell suffered from their dispute in October, defendant stated that the blood on Blackwell's head was hers, specifically that it "came from out my mouth."

**{¶20}** In convicting defendant of two counts of assault and one count of retaliation, the court took into consideration the testimony, the credibility of the witnesses, and the fact that both defendant and Blackwell are "mentally challenged." The court stated that

> there's a lot of inconsistencies in [Blackwell's] testimony; if it was a tire iron, or if it was a wood stick, or what date the events occurred, * * * and the state tried to go through it and refresh his memory, and it just — there was a lot of issues there.
>
> However, * * * when he did get narrowed down and focused into the scenario of what occurred, and I looked at the medical records, * * * the Court finds the defendant not guilty of felonious assault, but guilty of the lesser included offense of simple assault.

**{¶21}** The court also found defendant guilty of a second count of assault, as well as retaliation.

**{¶22}** Upon review, we find that the court took into account the evidentiary conflicts and credibility issues.

> The trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections. Those observations are critical to a resolution of each witness's credibility.

**{¶23}** *State v. Clark*, 8th Dist. No. 94406, 2010-Ohio-5600, ¶ 39, citing *State v. Antill*, 176 Ohio St. 61, 66, 197 N.E.2d 548 (1964). Accordingly, we cannot say that the court lost its way in convicting defendant, and her sole assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR