[Cite as *State v. Kelly*, 2013-Ohio-4755.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0008** |
| DONALD K. KELLY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 396.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Thomas Rein*, Leader Building, Suite 940, 526 Superior Avenue, Cleveland, OH 44114 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Donald K. Kelly, appeals the judgment of the Ashtabula County Court of Common Pleas convicting him on one count of domestic violence following a jury trial. Appellant argues the trial court allowed an incompetent witness to testify; the evidence is insufficient to support a conviction; the conviction is against the manifest weight of the evidence; and his trial counsel was ineffective. For the reasons that follow, the judgment is affirmed.

{¶2} On August 23, 2012, appellant was indicted on one count of domestic violence, a felony of the third degree, in violation of R.C. 2919.25(A)(D)(4). The charge alleged violence against his step-son, E.S., who was 10 years old at the time.

{¶3} In the late night hours of July 4 or early morning hours of July 5, 2012, police responded to a phone call by a neighbor reporting a domestic dispute at the home of appellant's wife, Wanda Kelly, and her three children, including E.S. At trial, Officer Christopher Defina of the Ashtabula Police Department testified that when he arrived at the house, he could hear Wanda yelling, "get out, get out," and saw appellant exit the home. Appellant was immediately placed under arrest for violating a prior restraining order. Officer Defina testified that he spoke to Wanda, and the two of them walked to her neighbor, Sharonn Bowden's, house to retrieve E.S., who had been injured in the scuffle. E.S. was unable to open his jaw, had a red mark on the side of his face, and the inside of his lip was cut. According to Officer Defina's testimony, E.S. told the officer the following: E.S. was helping his mother push appellant out of the house; appellant punched E.S. in the face; Mr. Bowden came over to help Wanda and E.S.; appellant attempted to choke Mr. Bowden, who was able to free himself; and Mr. Bowden took E.S. to his house next door for safety.

{¶4} E.S. was taken to the Ashtabula County Medical Center emergency room, where Officer Defina again spoke to Wanda. Officer Defina asked Wanda to provide a written statement, although he was unable to recall whether this occurred at the house or at the hospital. Her statement indicates she had repeatedly asked appellant to leave her home that night, but he refused, and that after appellant "hit one of [her] boy," she told him "never to touch [her] kids again." Wendy Milano, a nurse at the Medical Center,

2

also testified for the state regarding E.S.'s injuries and statements made to her by Wanda. She testified Wanda told her that E.S. had pushed appellant, who then punched E.S., and that prior to that night Wanda had a restraining order against appellant. On cross-examination, Ms. Milano stressed that Wanda gave these answers in response to questions designed to determine what happened to E.S. and how to treat him—not to place blame or to make a police report.

{¶5} The jury also heard direct testimony from E.S. and Wanda. Prior to trial, however, the state filed motions to call both E.S. and Wanda as "court's witnesses," pursuant to Evid.R. 614(A). In support, the state indicated Wanda refused to answer or return phone calls from the prosecution; when Wanda was finally located at her place of employment, she told a police officer her prior statement to Officer Defina was not accurate; E.S. had been in contact with appellant since the incident; and Wanda may have influenced E.S. to recant his statement, as well. The motions were granted over defense counsel's objection.

{¶6} E.S. testified as follows: he no longer remembered Wanda pushing appellant out the front door; appellant and Mr. Bowden were fighting on the front porch; appellant had Mr. Bowden in a choke-hold; E.S. jumped on appellant's back to protect Mr. Bowden; Mr. Bowden punched E.S. in the face while aiming for appellant; and E.S. lied when he told the police appellant punched him, because he was angry with appellant.

{¶7} Wanda testified that, from that night, she only remembered appellant and Mr. Bowden fighting, the police showing up, and taking E.S. to the hospital: "All I recall is Sharonn trying to hit Donnie with something, and then Donnie having his arms on

3

Sharonn. And that's all I recall." She stated she no longer remembered arguing with appellant; speaking with Officer Defina; telling Officer Defina that E.S. was helping her push appellant out of the house when appellant punched E.S.; where she was when the police showed up; whether anyone had been drinking; where Mr. Bowden and appellant were fighting; why Mr. Bowden came over; or that E.S. ended up at Mr. Bowden's house.

{¶8} Wanda also testified that she had been in contact with appellant by telephone since the incident and that she wrote her police statement because she was angry with appellant. When asked specifically why she wrote appellant "hit one of [her] boy," Wanda stated that, although it was her handwriting, she could not read it and could not confirm that was what it stated.

{¶9} On November 9, 2012, the jury convicted appellant on the domestic violence charge. On January 8, 2013, the trial court sentenced appellant to serve 36 months in jail, with three years of post-release control.

{¶10} Appellant now assigns four assignments of error for our review, which we address out of numerical order. His third assignment of error states:

{¶11} "The trial court committed prejudicial and plain error when it failed to comply with Evid.R. 601 and the issue of spousal competency."

{¶12} Appellant argues that his wife, Wanda Kelly, was incompetent to testify because the requirements of the Evid.R. 601(B)(2) exception were not met and that permitting her to testify constituted plain error by the trial court. He contends that because the trial court did not instruct Wanda regarding spousal competency or make a finding on the record that she voluntarily elected to testify, she was incompetent to do

4

so. In support, appellant cites *State v. Adamson*, 72 Ohio St.3d 431 (1995), which held that "[e]liciting [the defendant's wife's] testimony without informing her of her right to not testify against her husband was plain error." *Id.* at 435.

**{¶13}** Appellant's assignment of error recognizes that, as no objection was raised below to Wanda's testimony, he can only prevail if admitting her testimony constituted plain error by the trial court. In summarizing the general standard for plain error, this court has stated that this type of error can only be found when: "(1) there was an error, i.e., a deviation from a legal rule; (2) the error was plain, i.e. there was an 'obvious' defect in the trial proceedings; and (3) the error affected substantial rights, i.e., affected the outcome of trial." *State v. Kovacic*, 11th Dist. Lake No. 2010-L-065, 2012-Ohio-219, ¶14.

**{¶14}** Applying this standard, the record does not support the assertion that the trial court deviated from the cited evidentiary rule. Nor does it support the assertion, even assuming an error, that appellant's substantial rights were affected.

**{¶15}** Evid.R. 601 provides for two exceptions to the general rule of spousal incompetency. It states, in pertinent part:

> Every person is competent to be a witness except:
>
> * * *
>
> (B) A spouse testifying against the other spouse charged with a crime except when either of the following applies:
>
> (1) A crime against the testifying spouse or a child of either spouse is charged;
>
> (2) The testifying spouse elects to testify.

{¶16} Pursuant to the Evid.R. 601(B)(1) exception, Wanda was a competent witness because the crime charged was against her son, i.e., "a crime against * * * a child of either spouse." Thus, it was not necessary, pursuant to Evid.R. 601(B)(2), for the trial court to instruct Wanda of her right to choose not to testify or for Wanda to elect to testify on the record. *See*, *e.g.*, *State v. Wilson*, 3d Dist. Putnam No. 12-05-20, 2006-Ohio-2000, ¶10 (emphasis sic.) ("because the crime charged * * * was against Wilson's daughter, [his wife] was unquestionably *competent* to testify"). Accordingly, the admission of Wanda's testimony does not amount to plain error.

{¶17} Further, appellant has failed to demonstrate how permitting Wanda to testify affected a substantial right. Wanda was initially subpoenaed as a witness for the prosecution, as her police statement implicated appellant as the perpetrator of her son's injury. However, prior to trial, she recanted her prior statement and adopted a different version of events that, instead, implicated her neighbor Mr. Bowden. The court ultimately called Wanda as a court's witness, pursuant to Evid.R. 614(A), and although impeached by the prosecution with her prior inconsistent statement, she testified in favor of appellant. Accordingly, even if her testimony had been admitted erroneously, it did not adversely affect appellant.

{¶18} Appellant's third assignment of error is without merit.

{¶19} Appellant's fourth assignment of error states:

{¶20} "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to object to spousal testimony."

6

{¶21} Appellant argues that his trial counsel was ineffective in failing to object to the admission of Wanda's testimony. "In order to prevail on a claim of ineffective assistance of counsel, appellant must establish that: (1) the performance of defense counsel was seriously flawed and deficient; and (2) the result of appellant's trial would have been different if defense counsel had provided proper representation." *Kovacic, supra*, ¶45, citing *Strickland v. Washington*, 466 U.S. 668, 693 (1984).

{¶22} As stated above, appellant asserts that Wanda, as his spouse, was incompetent to testify because she did not elect to do so pursuant to Evid.R. 601(B)(2). However, under his third assignment of error, we have already held that Wanda was competent to testify under Evid.R. 601(B)(1). Accordingly, trial counsel had no justifiable objection to Wanda being called to testify. "The failure to object, when there is no meritorious reason for such an objection, does not constitute ineffective assistance of counsel." *Id*. at ¶56, citing *State v. Cashin*, 10th Dist. Franklin No. 09AP-367, 2009-Ohio-6419, ¶12.

{¶23} Appellant's fourth assignment of error is without merit.

{¶24} Appellant's first and second assignments of error state:

{¶25} "[1.] The State failed to present sufficient evidence to sustain a conviction against Appellant."

{¶26} "[2.] Appellant's conviction is against the manifest weight of the evidence."

{¶27} As this court stated in *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 Ohio App. LEXIS 5862, *13 (Dec. 23, 1994): "'Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter

to go to the jury, while 'manifest weight' contests the believability of the evidence presented."

{¶28} Under his first assignment of error, appellant argues that the state presented insufficient evidence for a jury to conclude that appellant was the one who punched E.S. In the alternative, appellant argues that, even if it was he who punched E.S., the state did not present sufficient evidence for a jury to conclude he did so with the requisite mens rea.

{¶29} "'The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.* * * *'"

{¶30} In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence 'in a light most favorable to the prosecution,' * * * '(a) reviewing court (should) not reverse a jury verdict where there is substantial evidence upon which the jury could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * * (Emphasis sic.) (Citations omitted.) *Schlee*, *supra*, at *13-14.

{¶31} "[A] reviewing court must look to the evidence presented * * * to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt." *State v. March*, 11th Dist. Lake No. 98-L-065, 1999 Ohio App. LEXIS 3333, *8 (July 16, 1999). The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997).

{¶32} Appellant is challenging his conviction for domestic violence in violation of R.C. 2919.25(A)(D)(4), which states, in pertinent part:

{¶33} (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

{¶34} * * *

{¶35} (D)(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree * * *.

{¶36} Appellant does not dispute that E.S. is a "family or household member," that E.S. was physically harmed, or that he was previously convicted of at least two domestic violence offenses. Instead, he contends the state failed to present sufficient

9

evidence that proved it was *appellant* who *knowingly* caused or attempted to cause physical harm to E.S. At trial, appellant's theory of the case was that during an altercation between Mr. Bowden and himself, E.S. was accidentally punched in the face by either Mr. Bowden or himself when E.S. jumped on appellant's back.

**{¶37}** First, there is sufficient evidence to support a finding that it was *appellant* who knowingly caused or attempted to cause physical harm to sustain a conviction of domestic violence against E.S., to wit: Wanda and E.S. immediately and separately identified appellant to Officer Defina as the one who punched E.S.; Officer Defina testified that Wanda provided an uninfluenced written statement, which implicated appellant as the perpetrator; Ms. Milano testified that Wanda represented to her at the hospital that appellant punched her son in the face; Wanda admitted on the stand that her primary motivation for testifying in favor of appellant, thereby changing her story, was because she wanted him to come home.

**{¶38}** Second, there is sufficient evidence to support a finding that appellant "*knowingly*" punched E.S., even if it was not purposeful. R.C. 2901.22(B) provides: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." Further, "physical harm" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**{¶39}** Officer Defina's testimony provided sufficient evidence to support the conviction.

**{¶40}** Therefore, viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence upon which a rational trier of fact could find, beyond a reasonable doubt, that the elements of domestic violence have been proven.

**{¶41}** Appellant's first assignment of error is without merit.

**{¶42}** In his second assignment of error, appellant argues that his conviction is against the manifest weight of the evidence. He asserts the jury lost its way and convicted him for his previous domestic violence convictions, not because of the weight of evidence at this trial.

**{¶43}** With respect to manifest weight, in *Schlee*, *supra*, at *14-15, this court stated:

> **{¶44}** 'Manifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.

> **{¶45}** 'In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * * (Emphasis sic.)

**{¶46}** A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 387

(1997).  We further note that the jury is in the best position to assess the credibility of witnesses.  *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus.

**{¶47}** In reviewing and weighing all the evidence presented, including the testimony of Officer Defina and Ms. Milano, Wanda's written police statement, and the credibility of all the witnesses who testified, we determine that a jury could reasonably conclude appellant was guilty of the charged offense.  The jury apparently placed great weight on Wanda's written police statement and the statements E.S. admitted to making immediately after the incident, as opposed to their testimony at trial.  The jury verdict was not against the manifest weight of the evidence.

**{¶48}**  Appellant's second assignment of error is without merit.

**{¶49}**  For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.